UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER YI and AMY YI, | ) |
| Plaintiffs, | ) |
| v. | ) No. 18 C 355 |
| | ) Judge Sara L. Ellis |
| UBER TECHNOLOGIES, INC., and RASIER, LLC, | ) |
| Defendants. | ) |

## OPINION AND ORDER

New York City Uber driver Eugene Davis crashed his car while driving Plaintiff Peter Yi to the airport. Peter Yi sustained severe physical damages from the crash. He has subsequently brought suit against Defendants Uber Technologies, Inc. ("Uber") and Rasier, LLC ("Rasier"), alleging negligence on a theory of *respondeat superior*, and his wife, Plaintiff Amy Yi, has brought suit against Defendants for loss of consortium. Defendants move to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a), or alternatively to dismiss the case for lack of personal jurisdiction and failure to join indispensable parties. Because transfer to the Southern District of New York is appropriate given the case's connections to New York, the Court grants Defendants' motion to transfer and denies their motion to dismiss as moot.

### BACKGROUND[1]

The Yis are residents of Illinois. In October 2016, Peter Yi, an employee of Northern Trust, took a business trip to New York City. He was scheduled to fly back to Chicago on October 28, 2016, and he used the Uber application on his phone to request a ride to the airport.

---

[1] In addressing Defendants' motion to transfer, the Court is not limited to the pleadings. *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). The Court resolves all factual conflicts and draws all reasonable inferences in the Yis' favor. *Harris v. comScore, Inc.*, 825 F. Supp. 2d 924, 926 (N.D. Ill. 2011).

The application connected Peter Yi to Eugene Davis, driving a Toyota Camry with license plate number T675847C. Davis leased the car from Metro Livery Leasing. Davis picked up Peter Yi from his hotel and took the Long Island Expressway toward LaGuardia Airport, where the car veered right and crashed into a divider on the expressway. The crash rendered Peter Yi permanently quadriplegic.

## ANALYSIS

### I. Motion to Transfer

Defendants move to transfer venue pursuant to § 1404(a). 28 U.S.C. § 1404(a) provides that the Court may transfer venue to another district "for the convenience of the parties and witnesses, in the interest of justice." For the Court to transfer the case under § 1404(a), Defendants must demonstrate that "(1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and the witnesses; and (4) transfer would serve the interest of justice." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007). Defendants bear the burden of demonstrating that transfer is "clearly more convenient." *Heller Fin. Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir. 1989) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986)). The transfer decision is committed to the Court's sound discretion because the "weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude." *Coffey*, 796 F.2d at 219.

As an initial note, given that Defendants also have a motion to dismiss pending for lack of personal jurisdiction, the Court notes that it does not need to have personal jurisdiction over Defendants in order to transfer the case pursuant § 1404(a). *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) ("[U]nder 1404(a) . . ., the transferring court need not have personal jurisdiction

2

over the defendants."). Neither party argues that venue is improper in this district, and for the purposes of deciding this motion, the Court considers that argument waived. The parties also do not dispute that venue is proper in the Southern District of New York. Thus, the Court turns to whether transfer would serve the convenience of the parties and witnesses and be in the interest of justice.

### A. Convenience of the Parties and Witnesses

In evaluating the convenience of the parties and witnesses, the Court considers (1) the Yis' choice of forum, (2) the situs of material events, (3) the relative ease of access to proof, (4) the convenience of the parties in litigating in the respective forums, and (5) the convenience of the witnesses. *Sojka v. DirectBuy, Inc.*, No. 12 C 9809, 2014 WL 1089072, at *2 (N.D. Ill. Mar. 18, 2014).

Courts typically give a plaintiff's choice of forum substantial deference, particularly when he or she lives in the district, as the Yis do here. *Brandon Apparel Grp., Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999); *see also In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (noting that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed" but "[r]arely . . . is not never" (internal quotation marks omitted)). This deference is lessened "where the plaintiff's choice of forum is not the site of material events." *Cole v. Bell*, No. 09 C 4832, 2009 WL 4730966, at *1 (N.D. Ill. Dec. 7, 2009) (internal quotation marks omitted). As discussed below, the situs of material events is New York. *See Zielinksi v. Royer*, No. 16 C 10286, 2017 WL 528386, at *2 (N.D. Ill. Feb. 9, 2017) (finding that the plaintiff's choice of forum was entitled to less deference where the site of the automobile collision was in another state); *Hill-Jackson v. FAF, Inc.*, No. 10 C 364, 2010 WL 3403882, at *2 (N.D. Ill. Aug. 25, 2010) (noting that "when

the liability forming-conduct occurred outside the selected forum," such as the actual car crash, "the plaintiff's preference has minimal value" (internal quotation marks omitted)). Thus, the Yis' choice of forum is either neutral or weighs slightly against transfer.

With respect to the situs of material events, Defendants contend that New York is where the material events occurred. The Yis respond that some material events occurred in Illinois: Peter Yi downloaded the Uber application to his phone in Illinois, and after his first month of treatment, the rest of his medical treatment has taken place in Illinois. Doc. 25 at 5. They also contend that the primary issue in this case is damages; as argued by the Yis, the driver's fault is undisputed because the crash was a one-car collision. *Id.* Although Illinois is relevant, given that Peter Yi's subsequent medical treatment occurred in the state, the most material events occurred in New York: it is where the crash occurred, where Davis' alleged negligence took place, and where Peter Yi received initial medical treatment. *See Hill-Jackson*, 2010 WL 3403882, at *2 (finding that "the material event is undoubtedly the [car] accidents that occurred"); *Cole*, 2009 WL 4730966, at *1 (collecting cases where the court considered the state where the injury occurred the situs of material events). And the Court finds no support for the argument that fault is undisputed in this case; the mere fact that a one-car collision occurs does not necessarily mean that the driver of the car was negligent. This factor favors transfer.

As for sources of proof, it is more easily accessible in the Southern District of New York. Ease of access to documents does not weigh heavily either way because such documents are presumed to be easily transportable. *See Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 840 (N.D. Ill. 2009) ("In this day and age, transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town."). However, the accident site is

4

more accessible from New York, as is the actual car involved in the crash, and so this factor favors transfer. *See Toriumi v. Ritz-Carlton Hotel Co., L.L.C.*, No. 06 C 1720, 2006 WL 3095753, at *2 (N.D. Ill. Oct. 27, 2006) (finding that the fact that the accident site was located in the transferee state favored transfer).

In evaluating the convenience of the parties, the Court considers the parties' residences and their ability to bear the expense of litigating in each forum. *Brandon Apparel*, 42 F. Supp. 2d at 834. This factor weighs against transfer. Defendants, as large corporations, can more easily bear the burden of litigating in Illinois (especially given that Uber has five offices in the city of Chicago). Neither New York nor Illinois are the corporations' principal places of business or states of incorporation. The Yis, on the other hand, are individuals who live in Illinois. They will be inconvenienced by the transfer to the Southern District of New York, especially in light of Peter Yi's medical conditions. Thus, this factor disfavors transfer.

Finally, the Court must consider the convenience of the witnesses. Defendants argue that all of the witnesses to the alleged events reside in New York, including: Davis; Metro Livery Leasing; John Ferrari, the police officer who responded to the crash; emergency personnel who responded to the crash; and medical personnel who treated Preter Yi in the month following the crash. Plaintiffs respond that the bulk of the professionals who have treated Peter Yi are located in Illinois, including doctors, physical therapists, and occupational therapists, and other witnesses such as Peter Yi's employer, the Yis themselves, and Peter Yi's sister all reside in Illinois.

"The convenience of witnesses is often viewed as the most important factor in the transfer balance," with the Court to consider not just the number of witnesses located in each forum but also the nature, quality, and importance of their testimony. *Id.* (quoting *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989)). The Court gives less weight to the

5

convenience of party witnesses, whom the Court presumes would appear voluntarily at trial in either district. *See AL & PO Corp. v. Am. Healthcare Capital, Inc.*, No. 14 C 1905, 2015 WL 738694, at *4 (N.D. Ill. Feb 19, 2015) ("[T]he convenience of witnesses who are within a party's control, such as a party's employees, is far less important than the convenience of non-party witnesses."); *Bullard v. Burlington N. Santa Fe Ry. Co.*, No. 07 C 6883, 2008 WL 4104355, at *4 (N.D. Ill. Aug. 28, 2008) ("Courts are less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts; it is presumed that such witnesses will appear voluntarily."). "In assessing this factor, courts focus on the nature and quality of the proposed testimony and its relevance to the case." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 932 (N.D. Ill. 2017). Moreover, "the presence of third party witnesses outside the subpoena power of this court is a factor which weighs heavily in favor of transferring." *Id.* at 933 (internal quotation marks omitted).

Although there will likely be some witnesses from both Illinois and New York in this case, all of the fact witnesses and some of the damages witnesses will come from New York. Most importantly, the driver of the car resides in New York. He is the only other witness to the actual crash. The police officer who responded to the crash, other first responders, and the doctors who initially treated Peter Yi also all reside in New York. None of these parties fall within this Court's subpoena power and it could not compel their testimony at an Illinois trial. *See Cole*, 2009 WL 4730966, at *2 ("[T]hese individuals fall outside our subpoena power and we lack the authority to compel their testimony at an Illinois trial."). The Illinois witnesses, on the other hand, will all testify regarding the damages that the accident caused the Yis; if those witnesses do not appear in New York, the Yis can likely achieve the same evidence through retained experts. The burden on the Yis and Peter Yi's sister, as party witnesses, is given less

6

weight than the burden placed on third party witnesses. Ultimately, although the Court is sympathetic to the inconvenience that will be placed upon Peter Yi, the private interest factors overall favor transfer.[2] The fact that the Yis live in Illinois is the state's only true connection to this case, and given that the crash occurred in New York, and the most significant witnesses are in New York, that state simply has stronger connections.

### B. Interest of Justice

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Courts consider factors such as the likelihood of a speedy trial, each court's familiarity with the applicable law, the desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Id.*; *Coffey*, 796 F.2d at 220.

The fact that New York law likely applies in this case is not persuasive in favor of transfer because "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 67, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013). However, the remaining factors under the interest of justice prong favor transfer.

First, it appears that the Southern District of New York is slightly more expedient than the Northern District of Illinois. Looking to the most recent Federal Judicial Caseload Statistics, the median time from filing to disposition in the Southern District of New York is 6.7 months, compared with 8.1 months in the Northern District of Illinois, and the median time from filing to trial in the Southern District of New York is 31.8 months, compared with 34.5 months in the

---

[2] The Court certainly hopes that the parties will make every effort to accommodate Peter Yi, conducting his depositions in Illinois so that his only trip to New York would be for trial.

Northern District of Illinois. *See* http://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2018/03/31 (last accessed on Oct. 9, 2018). This factor favors transfer.

In addition, the desirability of resolving controversies in each locale and the relationship of the community to the controversy both favor transfer. New York has a stronger interest in and relationship to the litigation. Although Illinois does have some interest to the extent that the case involves two of its citizens, New York has a stronger interest as the location where the accident occurred and where evidence and most witnesses are located. *See Toriumi*, 2006 WL 3095753, at *4 (finding that the state where the accident occurred and witnesses were located had a greater interest in the litigation than the state where the plaintiffs resided). New York simply has the strongest interest in insuring the safety of its roads, enforcing its laws, and deterring future negligence. Because New York's interests outweigh Illinois' interests, the community interest factor favors transfer. In addition, the fact that some of the witnesses, as well as the scene of the accident, are located in New York makes it a more desirable location for efficient resolution of the case. *See Personett v. Pier Transp., Inc.*, No. 05 C 4852, 2005 WL 6960303, at *3 (N.D. Ill. Nov. 3, 2005) (noting that transferring the litigation to the location of most of the witnesses and evidence would lessen the "likelihood of delays in discovery and the trial due to travel difficulties"). Another significant consideration in this analysis is the fact that Davis resides in New York and this Court cannot exercise personal jurisdiction over him. Where the alleged negligence occurred in New York and the person who allegedly committed the negligent act is a New York citizen who cannot be brought into court here, it is more desirable to litigate that case in New York. Moreover, allowing the case to proceed in New York avoids potentially duplicative litigation, as a judgment against Defendants would likely result in them bringing suit against Davis in New York. Overall, public interest factors favor transfer.

Defendants have demonstrated that both the private and public interest factors under § 1404(a) favor transfer.

### III. Motion to Dismiss

Defendants also move to dismiss this case for lack of personal jurisdiction and failure to join indispensable parties. Because the Court finds that transfer is most appropriate, it denies the motion to dismiss as moot.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to transfer [16] and denies Defendants' motion to dismiss [14] as moot. The Court directs the Clerk to transfer this case to the Southern District of New York.

Dated: October 15, 2018

_____
SARA L. ELLIS
United States District Judge